

# Fourth Court of Appeals
## San Antonio, Texas

August 5, 2014

No. 04-14-00132-CR

Leonard Garcia **LAZO**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 12-05-00060-CRK
Honorable Bert Richardson, Judge Presiding

# O R D E R

Appellant Leonard Garcia Lazo's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. Counsel states he has sent copies of the brief and motion to withdraw to appellant and written a letter explaining to Lazo his rights to review the record and file a *pro se* brief and to file a pro se petition for discretionary review if this court determines the appeal is frivolous. *See Kelly v. State*, No. PD-0702-13, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014).

If appellant desires to file a *pro se* brief, we **order** that he do so on or before **September 4, 2014**. If appellant desires to review the appellate record, he must file a written request for access to the record with this court by **August 20, 2014**. The request must be mailed to: Fourth Court of Appeals, 300 Dolorosa, Suite 3200, San Antonio, Texas 78232. If Lazo timely requests access to the record, the deadline to file appellant's *pro se* brief will be reset.

If appellant files a timely *pro se* brief, the State may file a responsive brief no later than thirty days after appellant's *pro se* brief is filed in this court. Alternatively, if appellant does not file a timely *pro se* brief, the State may file a brief in response to counsel's brief no later than **October 6, 2014**.

We further **order** the motion to withdraw filed by appellant's counsel is held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988) (holding that a motion to withdraw should not be ruled on before appellate court independently reviews the record to determine whether counsel's evaluation that the appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 2014 WL 2865901 (appointed counsel's duties of representation do not cease when he files a motion to withdraw; counsel must continue to 'act with competence, commitment and dedication to the interest of the client' until the court of appeals grants the motion). Accordingly, no new attorney will be appointed for him at this time.

We further **order** the clerk of this court to serve a copy of this order on appellant, his counsel, the attorney for the State, and the clerk of the trial court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of August, 2014.

_____
Keith E. Hottle
Clerk of Court